STATE OF NEW JERSEY, IN THE INTEREST OF
R. S., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Argued October 21, 1974—Decided January 29, 1975.

Before Judges MICHELS, MORGAN and KENTZ.

*Ms. Rosemary K. Reavy,* Assistant Deputy Public Defender, argued the cause for the juvenile (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Paul A. Massaro,* Assistant Prosecutor, argued the cause for respondent State of New Jersey (*Mr. Karl Asch,* Union County Prosecutor, attorney).

PER CURIAM. R. S. and another person were charged with being delinquent under *N. J. S. A.* 2A:4–14(m). The complaint alleged that they had violated *N. J. S. A.* 2A:170–38, unlawful taking or use of a means of conveyance.

R. S. was tried alone. Counsel stipulated that a certain car had been stolen and was being operated without the owner's permission. When it was found a companion of R. S. was driving it and R. S. was seated in the passenger seat. There was no evidence of how the theft occurred or whether R. S. knew that the car was stolen. R. S. was "continued on probation" and fined $25.

Counsel argued that the State had failed to prove that the juvenile had unlawfully taken or used the car. The judge acknowledged that had the charge been made under *N. J. S. A.* 2A:139-3 (the receiving a stolen auto statute), it would have been insufficient to show only that R. S. was a passenger without showing that he knew the car to be stolen. *State v. Serrano,* 53 *N. J.* 356, 359 (1969). He ruled, though, that it was unnecessary to show such knowledge to prove a violation of the disorderly person statute involved here.

*N. J. S. A.* 2A:170-38 reads:

Any person who unlawfully takes or uses any means of conveyance, or is an accessory thereto, is a disorderly person.

There was no proof that R. S. "took" the car, so that he could be found in violation of the statute only if his conduct constituted an unlawful "use" of the car within the meaning of the statute. The precise issue is whether a passenger's mere presence in a stolen car, absent any proof of his knowledge that it was stolen, constitutes unlawful use.

At common law it was essential to prove both an unlawful act and an evil intent or *mens rea* of some kind. *State v. Gibson,* 92 *N. J. Super.* 397, 399 (App. Div. 1966). But it is now recognized that in some areas the danger to the public is so great and the field involved is so widely regulated that the Legislature can declare a certain act unlawful without proof of *mens rea* or its equivalent. *State v. Hatch,* 64 *N. J.* 179, 184–185 (1973). Examples are the violation of gun control laws (*State v. Hatch, supra*); possession of lottery paraphernalia (*State v. Labato,* 7 *N. J.* 137, 150

(1951)) and statutory rape (*State v. Moore,* 105 *N. J. Super.* 567, 571 (App. Div. 1970)).

■ Criminal statutes must be strictly construed. *State v. Carbone,* 38 *N. J.* 19 (1962). We can find nothing in this statute which indicates a legislative intent to punish mere use of a car by a passenger, absent proof of *mens rea* or its equivalent.

The State argues, however, that the evidence of the juvenile's presence in the stolen car as a passenger during the early morning hours distinguishes this case from *State v. Serrano, supra,* and provides the basis for an inference that the juvenile knew the car to have been a stolen one. In support of this proposition reference is made to that portion of *State v. DeSimone,* 60 *N. J.* 319, 323 (1972), in which the court observed the improbability of one who is embarked on a criminal venture inviting an innocent person into the car who may later act as a witness against him. That case, however, dealt only with the issue of probable cause as the basis for a search, and the court clearly disclaimed any intention of passing upon the sufficiency of such evidence for jury consideration. The facts alleged to distinguish this case from *State v. Serrano* do not have that effect.

Since there was no proof whatever in this case that the juvenile knew that the car in which he was riding was a stolen one, we find that there was insufficient evidence present in the record to uphold the finding that, beyond a reasonable doubt, R. S. had committed a violation which rendered him delinquent. *State v. Johnson,* 42 *N. J.* 146, 162 (1964); *In re Winship,* 397 *U. S.* 358, 90 *S. Ct.* 1068, 25 *L. Ed.* 2d 368 (1970). For the same reasons there was no basis for a finding that he was an accessory to the driver.

We also note that the juvenile correctly claims that it was unlawful to impose a $25 fine on him. *State in the Interest of M. L.,* 64 *N. J.* 438, 444 (1974).

Reversed.